IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-cr-00214-WYD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KEITH HUBBS,

        Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION FOR COMPETENCY
DETERMINATION AND PSYCHOLOGICAL EXAMINATION
PURSUANT TO 18 USC 4241(b) AND 18 USC 3552(c)**

---

The Defendant, by Counsel John S. Tatum, P.C., moves this Honorable Court for a determination of the Defendant's competence to proceed and for psychological examination as provided for in 18 USC § 4241(b) and 18 USC § 3552(c), respectively. In support of this unopposed request, the Defendant states as follows:

    1.    Mr. Hubbs is charged in a one count Indictment with Bank Robbery in violation of Title 18, United States Code, § 2113(a).

    2.    The Defendant has filed a Notice of Disposition. The Parties appeared before the Court on August 31, 2009, at which time the parties informed the Court, *inter alia*, that Mr. Hubbs faces several other bank robbery charges as a result of offenses occurring in multiple jurisdictions in California; that the parties (acting with the cooperation of federal agencies and prosecutors in California) contemplate transfer of the California charges to this District for global disposition; and that a reasonable time would be required to accommodate the transfer process. The Court directed the parties to file a status report by September 25, 2009 to advise the Court on the progress as of that date. See, Order, Docket #20.

3. In the interim, on or about September 9, 2009, Mr. Hubbs filed a *pro se* letter addressed to the Court (Docket #21, courtesy copy attached hereto for the convenience of the Court as Exhibit B) wherein (at page 1) Mr. Hubbs informs the Court: "I really need a mental evaluation done." Mr. Hubbs goes on to set forth concerns that he has regarding his mental status, including that he has been through a lot of trauma, suffers from depression, suffers from anxiety and that he lives in a fantasy world in his head (Exhibit B, *supra*.). It is obvious that Mr. Hubbs believes he has mental problems which, if he is correct, could negatively impact his competence to proceed.

4. Mr. Hubbs further advised the Court that defense counsel had advised Mr. Hubbs that Counsel intended to ask for a doctor to examine Mr. Hubbs. While Counsel wants to avoid any issues regarding violation of the attorney-client privilege, counsel, as an officer of the Court, feels obligated to insure the record is correct regarding this issue.

5. During an early conversation between Mr. Hubbs and defense counsel at the FDC, Mr. Hubbs related circumstances concerning the time frame that the various alleged bank robberies were taking place which counsel will not discuss in detail herein, but which cause counsel to concur with Mr. Hubbs' assessment in his letter that, at times, Mr. Hubbs may well live in a fantasy world. Counsel was concerned enough at Mr. Hubbs' revelations during that conference that counsel did in fact inquire of Mr. Hubbs whether a psychological evaluation might be appropriate. At that time, Mr. Hubbs did not feel an examination was necessary and at that time it was counsel's impression that while mental health issues were obviously presented, counsel did not feel adequate grounds existed to question Mr. Hubbs' competency as he clearly understood right from wrong and he was relatively effectively assisting counsel with his defense. At that time also, no disposition had been reached and counsel did not feel that a request for

psychological examination in anticipation of sentencing pursuant to 18 USC §3552(c) was then ripe.

      6.      Defense counsel's undergraduate degrees are in Sociology and Psychology with a certification in rehabilitation counseling.  In addition to practicing criminal defense law for twenty-seven years, during which time counsel has handled several insanity cases, counsel was an Army Officer for several years and worked with individuals with mental health issues.  While counsel does not profess to be an expert in mental health issues, counsel's background does provide some insight into such cases.  With that perspective, defense counsel would inform the Court that defense counsel now believes there exists reasonable cause within the meaning of 18 USC §4241(b) to request a competency determination and to request the necessary psychological examination to aid in that determination.

      7.      The reasons that counsel believes that a psychological examination is now necessary include, but are not necessarily limited to, the following:

      a.      During subsequent meetings and correspondence between Mr. Hubbs and counsel, Mr. Hubbs has grown increasingly more anxious and his thought processes are more scattered.  While we have made progress in attempting to secure a reasonable resolution of Mr. Hubbs' cases as described above, counsel has increased concerns as to the providence and efficacy of any plea agreements that Mr. Hubbs may enter into as to such serious charges given his current obvious state of anxiety.

      b.      Mr. Hubbs' anxiety and depression have resulted in acting out behavior that caused him to be placed in administrative segregation for several weeks at FDC and he was recently transferred to Douglas County Jail.  Counsel has not spoken to Mr. Hubbs' case manager since the transfer;

3

       however, based on previous conversations with FDC Staff, counsel would not be surprised if the transfer was not at least in part related to these issues.

c.   According to Mr. Hubbs' wife, Tiffany Hubbs, her husband has exhibited a history of anxiety and depression, including suicidal ideation, for a substantial period of time. As recently as 2007, Mr. Hubbs left a suicide note to his wife and daughters and threatened to jump off the Golden Gate Bridge. Ms. Hubbs has related a number of traumatic events occurring in Mr. Hubbs' life which she believes have contributed to his mental condition, the most recent of which is a report that his young daughter was molested by an older family member. Ms. Hubbs reports that during a recent visit at the FDC, Mr. Hubbs was not thinking or communicating normally and was exhibiting symptoms of anxiety. Ms. Hubbs also noted that Mr. Hubbs has had problems with methamphetamine abuse. See, Tiffany Hubbs Affidavit, Exhibit A.

d.   Some of the "fantasy" comments referenced in Mr. Hubbs' letter to the Court have manifested themselves in statements Mr. Hubbs provided to arresting agents and include such things as: Mr. Hubbs believed he was being followed by "blue SUV's" as he traveled in California over a period of several days; Mr. Hubbs would throw notes out of his vehicle to communicate with the persons following him; Mr. Hubbs believed that he was receiving instructions in the form of coded messages on road signs from possible eco-terrorist groups suggesting that he blow up an oil

refinery and that he should become a "martyr". These reports have been provided in discovery and can be provided to the Court upon request.

  e. On September 11, 2009, defense counsel met with E. Spencer Friedman, Ed. D., Licensed Clinical Psychologist, and reviewed the anecdotal information regarding Mr. Hubbs' mental health issues set forth herein. Dr. Friedman advised that the symptoms described may be indicative of psychological disorders which, depending upon the circumstances, could impact Mr. Hubbs' competency and certainly should be considered in terms of placement within the correctional system. Dr. Friedman informed counsel that he would be willing to perform any necessary psychological/competency examination that may be directed by the Court; that he charges $175.00 per hour for his services; and, given that Mr. Hubbs is now incarcerated in Douglas County Jail and other logistical considerations, he believed that the examination could be completed at a cost of between $2,500.00 to $5,000.00. A copy of Dr. Friedman's Curriculum Vitae is attached hereto as Exhibit C.

8. For the reasons set forth herein, defense counsel believes that there currently exists "reasonable cause" within the meaning of 18 USC § 4241 to believe that Mr. Hubbs suffers from significant mental disease or defect that may affect his competency to proceed to a Change of Plea Hearing or otherwise.

9. Assuming that Mr. Hubbs may be deemed competent to proceed, the requested psychological examination is appropriate under the circumstances and should be performed in anticipation of sentencing pursuant to 18 USC § 3552(c). Although Mr. Hubbs has not yet been convicted, he has filed a Notice of Disposition and the parties anticipate that mental health issues

will be a significant component of any sentencing hearing. Defense counsel believes inasmuch as the parties are addressing significant logistical issues in facilitating the Rule 20 transfer of cases from California to this District which may require some time, that the administration of the necessary psychological examination during this intervening period would be beneficial in advancing the case forward and hopefully avoid additional delays in anticipation of sentencing.

10. Defense counsel has conferred with Assistant United States Attorney Jeremy Sibert and is authorized to state that the Government does not oppose this Motion for Competency Determination and Psychological Examination.

11. Accordingly, the Defendant requests the follow relief:

    a. That Dr. E. Spencer Friedman (or such other expert as the Court may deem appropriate) be appointed to conduct a competency examination of Mr. Hubbs and at the same time to perform a psychological evaluation of Mr. Hubbs in anticipation of sentencing pursuant to 18 USC § 3552(c) and that up to $5,000.00 be authorized as compensation for said expert to complete the examinations.

    b. That upon completion of the requisite examinations the doctor should file a Report of Competency Examination with the Court through counsel and that such Report may be filed, at least initially, under seal.

    c. That given this new set of circumstances, the Court vacate the Order requiring the filing of a Status Report on September 25, 2009 and extend that date by approximately thirty days at which time the parties might file a status report addressing both the Rule 20 transfer status as well as information relevant to the ongoing psychological examinations.

    d.  That upon receipt of a Report of Competency Examination from Dr. Friedman (or such other expert as the Court may appoint), a hearing be scheduled to consider the issue of the Defendant's competency to proceed.

WHEREFORE, the Defendant prays for the relief hereinabove requested and for such other and further Orders as the Court may deem appropriate in the premises.

              Respectfully submitted,

              JOHN S. TATUM, P.C.


              s/ John S. Tatum
              John S. Tatum
              12351 East Cornell Avenue
              Aurora, Colorado  80014
              Telephone: (303) 750-6888
              Facsimile: (303) 750-8279
              Email: tatumjjb@aol.com


### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2009, a true and correct copy of the foregoing Defendant's Unopposed Motion for Competency Determination and Psychological Examination Pursuant to 18 USC § 4241(B) and 18 USC § 3552(C) was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeremy S. Sibert, Esq.
Assistant United States Attorney
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
jeremy.sibert@usdoj.gov

              s/ Mary Unrein

7